IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:98-CR-94-BO-1
No. 7:10-CV-53-BO

| | |
|---|---|
| ANGEL QUINTANA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Government's Motion to Dismiss. Defendant seeks collateral review of his conviction pursuant to 28 U.S.C § 2255. The Government moves to dismiss on the grounds that Defendant has not obtained leave from the Court of Appeals to file a second and successive § 2255 motion and that the petitioner is not entitled to relief under § 2255. For the reasons set forth below, the Government's Motion to Dismiss is DENIED.

BACKGROUND

On March 1, 1999, a jury convicted Angel Quintana ("Quintana"or "petitioner") of possession with intent to distribute cocaine, and aiding and abetting another, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At sentencing, on May 5, 1999, United States District Judge James C. Fox found petitioner's total offense level was thirty-seven (37), and his criminal history category was VI. The applicable guideline range was therefore 360 months to life imprisonment. Petitioner was sentenced to a term of imprisonment of three hundred and sixty

(360) months, eight (8) years supervised release, a fine of $3,300, and a $100.00 special assessment. Petitioner appealed his judgment of conviction.

In his *Anders* brief, petitioner's counsel questioned whether the district court erred in denying the motion to suppress the cocaine seized from beneath the hood of the vehicle in which petitioner was a passenger, asserting the initial stop of the car was invalid. Finding no reversible error, the Fourth Circuit affirmed in part and dismissed in part by unpublished decision. *See United States v. Quintana*, No. 99-4370 (4th Cir. March 14, 2000)(mandate issued April 7, 2000). Petitioner did not petition the U.S. Supreme Court for *writ of certiorari*.

On September 6, 2001, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was dismissed on September 19, 2001 as untimely. Petitioner appealed the dismissal, which was dismissed on February 14, 2002. The Fourth Circuit denied the petition for rehearing.

On April 23, 2009, petitioner's case was reassigned to this Court. On March 24, 2010, petitioner filed the instant motion seeking collateral review of his conviction pursuant to 28 U.S.C. § 2255. In his § 2225 motion, petitioner challenges the district court's denial of his motion to suppress the cocaine. In support of his petition, petitioner points to the federal prosecution of Steve Lovin ("Lovin"), a former law enforcement officer with the Robeson County Sheriff's Department. Lovin participated in the aforementioned traffic stop, testified at the suppression hearing held on February 8, 1999, and testified at petitioner's criminal trial.

At the suppression hearing, Lovin testified he was a passenger in a patrol vehicle being driven by Captain Robby Bishop of the Villa Rica, Georgia Police Department. Captain Bishop was an interdiction officer or interdiction specialist who worked from time to time in training with the Robeson County Sheriff's Department. Prior to the suppression hearing, Captain Bishop was killed in the line of duty.

Captain Bishop initiated the traffic stop because Bishop and Lovin observed the vehicle traveling approximately 45 miles per hour in a 65 miles per hour zone on Interstate 95, and it was weaving between lanes. It appeared the driver had been drinking or was falling asleep.

During the traffic stop, Captain Bishop approached the driver's side of the vehicle, and for safety reasons, Lovin approached the passenger side of the vehicle. Lovin claimed that he observed a dollar bill with white powder and a small package in petitioner's hand. The powder was seized and field tested positive for cocaine. A further search of the vehicle revealed a package containing approximately one kilogram of cocaine concealed under the engine hood. A subsequent analysis by the State Bureau of Investigation determined the small package was 3.3 grams of cocaine powder.

At petitioner's trial, petitioner's co-defendant, Reinaldo Arencibia Otono, Officer Lovin, and J.D. Sparks, a forensic chemist with the State Bureau of Investigation testified during the Government's case-in-chief. William Ratcliff, a Task Force Officer with the Drug Enforcement Administration testified during Quintana's case-in-chief.

On June 9, 2006, Lovin and two other Robeson County Deputy Sheriffs were indicted by a federal grand jury as part of Operation Tarnished Badge. Operation Tarnished Badge was a joint state-federal investigation of corrupt law enforcement officers in Robeson County, North Carolina. The investigation resulted in over twenty (20) federal convictions, including the conviction of former Robeson County Sheriff Glenn Maynor and nearly his entire command structure. *See United States v. Maynor*, 310 Fed. Appx. 595, 596-98 (4th Cir. 2009)(per curiam)(unpublished).

On May 18, 2007, Lovin pleaded guilty pursuant to a plea agreement to conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act in violation of 18 U.S.C. §

1962(d), and conspiracy to commit embezzlement in violation of 18 U.S.C. § 371. Lovin was sentenced to one hundred forty four (144) months imprisonment, three years supervised release, and ordered to pay restitution in the amount of $150,000.00, and a special assessment of $200.00. *United States v. Lovin*, No. 7:06-CR-45-BO-3 (E.D.N.C. May 30, 2008)(unpublished).

## DISCUSSION

Petitioner's instant motion attacks his March, 1999 federal conviction on the basis of Officer Lovin's May 18, 2007 conviction of federal crimes in connection his conduct as a law enforcement officer. The government contends that the petition before the court is a "second or successive" § 2255 motion, and, therefore, pursuant to 28 U.S.C. 2244(b)(3)(A), petitioner must seek pre-filing authorization from a court of appeals. The government's position is without merit.

The instant motion is not a "second or successive" motion because the operative facts–namely, Lovin's conviction of federal crimes bearing on his conduct as an officer and his veracity as a testifying witness–arose only after the petitioner's prior § 2255 motion was decided. In circumstances such as these, courts have treated a subsequent § 2255 not as a "second or successive" provided that the facts underlying the motion arose after the initial § 2255 was decided. *United States v. Grant*, 493 F.3d, 468 n.3 (5th Cir. 2007) ( "the instant motion is not second or successive because the facts underlying this motion arose only after his prior § 2255 motion was disposed of by the district court." Although Lovin's alleged improper *conduct* was certainly known to the petitioner prior to Lovin's conviction, the circumstances of this case precluded the petitioner from proving that conduct both at trial and in collateral attack. It was not until Lovin was convicted in May of 2007, well after petitioner's initial § 2255 motion was

dismissed, that his claim became ripe.

In light of the foregoing, the government's Motion to Dismiss is DENIED. The Court further orders that this matter be set for an evidentiary hearing. The Court finds it is in the best interest of both parties for Petitioner to be represented by counsel. Accordingly, the Court directs the Office of the Public Defender to appoint counsel to represent Petitioner. The Court further orders that counsel file a notice of appearance within seven days from the entry of this order.

SO ORDERED, this 20 day of September, 2010.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE